IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**DANYALE OWENS,**
an individual,

       Plaintiff,

**vs.**

**THE KRYSTAL COMPANY,** a
foreign profit corporation,

       Defendant.

_____/

**COMPLAINT**

Plaintiff, DANYALE OWENS (hereinafter referred to as "Plaintiff"), through her

undersigned attorneys, sues the Defendant, THE KRYSTAL COMPANY (hereinafter referred to

as "Defendant"), a foreign profit corporation, and alleges:

      1.    This is an action for damages that exceeds $15,000.00, exclusive of interest and

costs.

      2.    At all times material hereto, the Plaintiff, is and was a resident of Duval County,

Florida.

      3.    At all times material hereto, Defendant, is a foreign profit corporation conducting

business in Jacksonville, Duval County, Florida.

      4.    Venue is proper in Duval County, Florida, because the events giving rise to the

negligence in this action occurred at Defendant's restaurant, which was owned, operated, and/or

maintained located at 2023 N. Main Street, Jacksonville, Duval County, Florida.

5.      On or about May 9, 2017, the Plaintiff, was a business invitee on the Defendant's premises located at 2023 N. Main Street, Jacksonville, Duval County, Florida.

6.      At all times material, there was an unidentified liquid on the floor of the premises where the Plaintiff was walking.

7.      At all times material, the unidentified liquid represented an unreasonably dangerous condition.

8.      The unreasonably dangerous condition was created by Defendant, known to exist by Defendant, and/or had existed for a sufficient length of time such that Defendant should have known of its existence.

9.      As Plaintiff was walking while inside the premises, she slipped and fell on the unidentified liquid on the floor.

## COUNT I

## NEGLIGENCE

Plaintiff realleges Paragraphs 1 through 9 as if fully set forth herein and further alleges:

10.      But for the dangerous condition of the floor of the Defendant's premises, the subject incident would not have occurred.

11.      This dangerous condition specified above existed for a sufficient time that the Defendant knew or should have known about it and corrected it, or, in alternative, the Defendant created the above specified dangerous condition.

12.      At all times material hereto, Defendant, owed a duty to the Plaintiff, and all others similarly situated, a duty of care to maintain its premises in a reasonably safe condition by the following ways, including, but not limited to:

    a.   Failing to warn of the dangerous condition;

b. Failing to correct the dangerous condition;

c. Failing to divert foot traffic away from dangerous condition;

d. Failing to prevent the creation of the dangerous condition;

e. Failing to use reasonable care to timely discovery or learn of the existence of the dangerous condition; or

f. Committed other acts of negligence not yet known.

13.     Defendant breached its duty to Plaintiff by failing to maintain its premises in a reasonable safe condition and by failing to warn of the liquid on the floor.

14.     As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured in and about her body and/or aggravated a pre-existing condition of injury, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered physical handicap, suffered significant scarring and disfigurement, mental anguish, inconvenience, emotional distress, and her working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of an important bodily function, and has lost the capacity for the enjoyment of life.

15.     In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, scarring, mental anguish, inconvenience, emotional distress, physical handicap and permanent injury in the future, loss of earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, the Plaintiff, demands judgment for damages, including interest and costs, against Defendant, any other relief this court deems necessary and proper and requests trial by jury on all issues in this cause.

## COUNT II

## NEGLIGENT MODE OF OPERATION

The Plaintiff realleges Paragraphs 1 through 9 as if fully set forth herein and further alleges:

16. The Defendant has a common law duty to exercise reasonable care in its particular mode of operation, including but not limited to the maintenance, inspection, repair, and warning of the business premises.

17. At all times material hereto, the Defendant was careless and negligent and breached the above duty in one more of the following ways:

   a.  The Defendant's particular mode of operation in maintaining, inspecting, repairing, and/or warning of the business premises is being conducted in a negligent manner;

   b.  The condition of the floor was created as a result of the Defendant's particular negligent mode of operation;

   c.  The Defendant's policies and procedures for maintaining, inspecting, repairing, and/or warning of the business premises failed to prevent the dangerous condition;

   d.  The Defendant's particular mode of operation failed to divert the Plaintiff from the dangerous condition;

   e.  The Defendant's particular mode of operation failed to warn the Plaintiff of the creation of the dangerous condition.

18. The Defendant engaged in a mode of operation that gave rise to reasonably foreseeable risk of harm.

**WHEREFORE**, the Plaintiff, demands judgment for damages, including interest and costs, against Defendant, any other relief this court deems necessary and proper and requests trial by jury on all issues in this cause.

DATED this 25th day of September, 2019.

> **COKER LAW**
>
> ___/s/ Daniel Iracki, Esquire_____
> **DANIEL A. IRACKI, ESQ.**
> Florida Bar No.: 0041212
> **N. JOEL HARRIS, ESQ.**
> Florida Bar No.: 0048975
> **CHELSEA R. HARRIS, ESQ.**
> Florida Bar No.: 00283688
> 136 East Bay Street, 2nd Floor
> Jacksonville, Florida 32202
> (904) 356-6071
> (904) 353-2425 (Facsimile)
> Dai@cokerlaw.com (Primary)
> njh@cokerlaw.com
> lew@cokerlaw.com
> *Counsel for Plaintiff*
>
> **-and-**
>
> **CHRISTINE A. MICHEL, P.A.**
> Florida Bar Number:  124789
> 728 Blanche Street, Ste. 116
> Jacksonville, Florida 32204
> Telephone: (904) 356-7343
> Facsimile: (904) 339-9552
> E-mail: CAM@michellaw.com
> *Counsel for Plaintiff*